**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JESSIE AMOS, BY AND THROUGH HER
DAUGHTER AND NEXT FRIEND, ELLEN
McMILLON, ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES AND AS THE
ADMINISTRATRIX OF THE ESTATE OF
JESSIE AMOS, DECEASED**                                 **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:03cv3**

**MARINER HEALTHCARE MANAGEMENT
COMPANY d/b/a GRENADA HEALTH AND
REHABILITATION CENTER AND DOLORES
GOOD, INDIVIDUALLY**                                  **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion of plaintiff Ellen McMillon, in her capacity as administratrix of the Estate of Jessie Amos, pursuant to 28 U.S.C. § 1447, to remand **[32-1]** this case to the Circuit Court of Grenada County. Defendants have responded in opposition to the motion,[1] and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

On December 3, 2002, plaintiff filed suit in the Circuit Court of Grenada County, seeking recovery for injuries which decedent Jessie Amos allegedly sustained during her stay at the Grenada Health and Rehabilitation Center. The case was subsequently removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has moved to remand, contending that complete diversity of citizenship is not present in the instant case, inasmuch as defendant Delores

---

[1] The docket in this case does not contain any response by defendants to the renewed motion for remand, but the court will assume that defendants wish to stand on their response to plaintiff's original motion to remand.

Goode is, like plaintiff, a Mississippi resident. Defendants counter that Goode was fraudulently joined for the purpose of defeating removal jurisdiction and that remand would therefore be inappropriate.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. *Id.* The Fifth Circuit has recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 .3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In alleging that Goode was fraudulently joined, defendants argue that, based upon the allegations of plaintiff's complaint, there is no reasonable possibility that plaintiff could recover against this defendant under Mississippi law. Defendants contend that a nursing home administrator owes no duty of care to residents at the facility under Mississippi law, but the court finds no support in Mississippi Supreme Court precedent for such a proposition. Mississippi follows the general rule

2

that individual liability of an officer or agent of a corporation may not be predicated merely on his connection to the corporation but [instead] must have as its foundation 'individual wrongdoing,'" such as when the agent "'directly participates in or authorizes the commission of a tort.'" *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993). In other words, "any officer or agent of a corporation who actively participates in the commission of a tort is personally liable to third persons injured thereby." *Turner*, 620 So. 2d at 548 (*quoting Wilson v. South Cent. Miss. Farmers, Inc.*, 494 So. 2d 358, 361 (Miss. 1986)).

The aforementioned authority is applicable to a wide range of officers and agents and serves to prevent such individuals from being held personally liable for tortious acts in which they did not "actively" or "directly" participate. The standard thus serves to prevent the imposition of blanket liability against such officers and agents, and the court can discern no aspect of the nursing home administrator profession which would require the imposition of a differing standard of liability. In cases where an administrator does, in fact, "actively participate" in tortious conduct which injures nursing home residents, there would appear to be no valid reason for the law to immunize those administrators from personal liability. The Supreme Court has adopted a "gross negligence" standard of liability for insurance adjusters, *see Bass v. Cal. Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991), but the Court has not suggested that this standard applies to any other professionals. Given the importance of responsible nursing home administration to the public as a whole, this profession would not appear to be a good candidate for a lessened duty of care.

The court's conclusions in this regard are supported by the Fifth Circuit's recent decision in *Letha M. Gray v. Beverly Enterprises-Mississippi, Inc. et al*, 390 F.3d 400 (5th Cir. 2004). The pendency of the appeal in *Gray* led this court to enter a stay in this and other similar removals which,

3

like *Gray*, involved allegations of fraudulent joinder of nursing home administrators. In *Gray*, Judge Barbour denied remand on the basis of the fraudulent joinder of a nursing home administrator, based upon his conclusion that, under Mississippi law, such administrators owed a duty of care to the facility, rather than to patients. As noted previously, defendants raise a similar argument in this case. The Fifth Circuit rejected this argument, writing as follows:

> On balance, plaintiffs have the better of the argument--at least strong enough to demonstrate a reasonable possibility of recovery under Mississippi law. Plaintiffs cannot demonstrate hands-on contact by the [nursing home administrator] defendants, but such activity does not seem required to impose personal liability under Mississippi law. One may easily be a direct participant in tortious conduct by merely authorizing or negligently failing to remedy misconduct by one's subordinates. It is uncertain, at this stage of the litigation, whether plaintiffs will be able to prove their allegations of direct participation to the satisfaction of the trier of fact. Nevertheless, it is at least reasonable to expect that a Mississippi court might find that the allegations of the in-state defendants' misfeasance and nonfeasance are sufficient to state a claim under state law. The district court therefore erred in not recognizing the reasonable possibility of plaintiffs' recovery against the in-state defendants under Mississippi law--especially in light of the recognized ambiguity in the caselaw that must be resolved in favor of remand.

*Gray*, 390 F.3d at 410. In light of *Gray*, it seems clear that a reasonable possibility of recovery exists against the nursing home administrator in this case, based upon the allegations of the complaint. In her amended complaint, plaintiff alleges that the administrator committed various acts of negligence, including failing to adopt appropriate policies to prevent the harm suffered by decedent and failing to properly assign staff for decedent's care.

Defendants argue that the allegations of the complaint are somewhat lacking in specificity as they relate to the administrator. However, Miss. R. Civ. P. 8 requires only a "short and plain statement ... showing that the pleader is entitled to relief." Moreover, the Fifth Circuit has rejected the argument that dismissal with prejudice upon a finding of fraudulent joinder is an appropriate

4

remedy for pleading defects. In *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000), the Fifth Circuit considered arguments that a claim against a resident defendant was "deficient because plaintiffs have failed to plead it with sufficient particularity in accordance with Fed. R. Civ. P. 9(b)." The Fifth Circuit in *Hart* agreed that plaintiffs' allegations of "deceitful or deceptive behavior" against the resident defendant were "somewhat conclusory." Nevertheless, the court emphasized that the penalty for any defective pleadings should not ordinarily be "dismissal with prejudice to refiling unless the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

There are no circumstances in this case which dictate a dismissal with prejudice of plaintiff's claims on the basis of any alleged pleading defects, and *Gray* supports plaintiff's argument that a reasonable possibility of recovery exists against Goode in this case. Complete diversity does not exist among the properly joined parties to this action, and the motion to remand will therefore be granted.

It is therefore ordered that plaintiff's renewed motion to remand **[32-1]** is **granted**, and this case is hereby remanded to the Circuit Court of Grenada County.

**SO ORDERED** this the 19th day of April, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**